IN THE CIRCUIT COURT OF LITTLE RIVER COUNTY,
STATE OF ARKANSAS

JACK E JOHNSON, and
ACE PROPERTY and CASUALTY
INSURANCE COMPANY                                                   PLAINTIFFS

VS.                          No. CV-2013- 84-1

THE HARRIS WASTE MANAGEMENT GROUP, INC.,
a Delaware corporation; and JOHN DOES 1-2,
unknown defendants                                                  DEFENDANTS

## COMPLAINT

1. Jack E. Johnson is a citizen and resident of Ashdown, Little River County, Arkansas. At all times relevant hereto, Jack E. Johnson was an able-bodied male, employed as a ferrous yard heavy equipment operator at Tri-State Iron & Metal Co., located at 1725 East Ninth Street, Texarkana, Arkansas 71854, earning a livelihood for himself and contributing to his family. He brings this action pursuant to the Arkansas Product Liability Act of 1979 (Ark. Code Ann. §16-116-101 et seq.).

2. Ace Property and Casualty Insurance Company is a Pennsylvania corporation with its principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania 19106. In its capacity as the Worker's Compensation insurer for Tri-State Iron and Metal Co., Ace Property and Casualty Insurance Company has paid worker's compensation benefits to Jack E. Johnson in connection with injuries that he sustained as a result of the defective HS-80115 shredder which is the subject of this action.

3. Ark. Code Ann. §11-9-410 provides that when a work-related compensable injury is caused in whole or in part by the act or omission of a third

*2013 NOV 22 P 4:00*
*ANDREA BILLINGSLEY*
*CIRCUIT CLERK*

**EXHIBIT A**

party, the employer or worker's compensation carrier liable for compensation for the injury shall have a right to maintain an action in tort against any third party responsible for the injuries to the extent the employer or carrier has paid or is liable for in compensation. Pursuant to Ark. Code Ann. §11-9-410, Ace Property and Casualty Insurance Company brings this action for subrogation to the right of Jack E. Johnson against Defendant The Harris Waste Management Group, Inc. to the extent of its lien for worker's compensation benefits paid.

4. Defendant The Harris Waste Management Group, Inc. ("Harris") is a Delaware corporation that that at all times material to this action operated, managed, and was authorized to do business, as depicted on its company website, as "a world class leader in the manufacturing of ferrous processing equipment: Shears, Balers and Shredders." Defendant The Harris Waste Management Group, Inc. may be served with process of service upon its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

5. Defendants John Does 1 and 2 are entities and/or persons directly or vicariously liable for Plaintiff Jack E. Johnson's injuries. Plaintiffs are currently unable to identify these Unknown Defendants, despite diligent efforts, but may discover such identities upon further investigation. Said Defendants are named pursuant to Ark. Code Ann. §16-56-125, as their acts and omissions were negligent, tortious or otherwise wrongful with respect to Plaintiff Jack E. Johnson's injuries. See Affidavit attached hereto as **Exhibit A.**

2

6. On or about August 5, 2004, Defendant The Harris Waste Management Group, Inc. sold to Tri-State Iron & Metal Co. a 2005 Model HS-80115 Shredder.

7. On or about November 24, 2010, Plaintiff was walking approximately 80 feet away from the Harris-manufactured shredder at his employer's place of business when a 15 pound piece of steel debris catapulted from the Harris shredder, crashing into the side of Plaintiff's head, causing him severe injury, and requiring emergency care and treatment. The violence with which the steel struck Plaintiff caused him to suffer significant, permanently debilitating injuries, including, but not limited to, a broken nose, destruction of his eye socket and resulting loss of his eye, burns to his face, gashes in his head, and resulting brain injury. These injuries, as well as the conduct specified below, caused Plaintiff to suffer extreme and unnecessary pain, degradation, anguish, and emotional trauma.

Although he was physically active and in good health before this injury, the severe pain and lingering injuries that Jack E. Johnson continues to experience have left him unable to return to work and have impeded his ability to engage in the normal activities of life. Jack E. Johnson's damages include disability, past and future emotional distress, past and future pain and suffering, past and future loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money in the future, as well as past and future medical expenses. These damages are either permanent or continuing in nature, and Jack E. Johnson will suffer additional injuries in the future.

3

8. Upon information and belief, the full course and extent of the injuries Jack E. Johnson has suffered is of a continuing nature, the full extent of which remains unknown at this time. Plaintiffs reserve the right to amend his pleadings as the full course and extent their injuries become known.

9. Jurisdiction and venue are proper in this Court.

## CAUSES OF ACTION

### COUNT ONE: PRODUCTS LIABILITY- STRICT LIABILITY

10. Plaintiffs incorporate all allegations contained in Paragraphs 1 – 9.

11. Defendant Harris was engaged in the business of manufacturing and selling the HS-80115 shredder.

12. Defendant Harris sold the HS-80115 shredder to Tri-State Iron & Metal Co. in a defective condition in that the shredder was unsafe for reasonably foreseeable use.

13. The defective condition caused the shredder to be unreasonably dangerous to anyone within a 100 radius of the shredder because it would, without warning, catapult pieces of steel from the machine.

14. On November 24, 2013, Plaintiff Jack E. Johnson was injured while walking approximately 80 feet from the HS-80115 shredder when a large piece of steel debris was, without warning, thrown from the shredder. Plaintiff Jack E. Johnson was and is in the class of persons that Defendant Harris should have considered to be subject to the harm caused by the defective nature of the shredder.

15. The shredder was used in the manner for which it was intended. This use proximately resulted in the injuries Plaintiffs sustained.

16. Defendant Harris knew or should have known through testing, adverse event reporting, or otherwise, that the shredder created a high risk of bodily injury and harm to others within a 100 foot radius of the shredder's use.

17. Defendant Harris' failure to adequately warn and instruct regarding the risk and severity of adverse events created by the shredder's use was both a but-for and proximate cause of Plaintiffs' injuries.

18. Solely as a result of the above incident and the injuries Jack E. Johnson sustained thereby, Plaintiff Ace Property and Casualty Insurance Company has paid worker's compensation benefits to Jack E. Johnson, to its great financial loss and detriment.

19. As a direct and proximate result of Defendant Harris' grossly negligent, willful, wanton, reckless, malicious and/or intentional conduct, Plaintiff Jack E. Johnson asserts a claim for judgment for all compensatory and punitive damages against Defendant Harris, including, but not limited to, the physical injuries described herein, pain and suffering, mental anguish, disability, medical expenses, caretaking and custodial care, including any such damages reasonably certain to be incurred in the future, in an amount to be determined by the jury, plus the costs of this litigation, and all of the relief to which Plaintiffs are entitled to by law, all in an amount in excess of that necessary for federal diversity jurisdiction.

## COUNT TWO: PRODUCTS LIABILITY- STRICT LIABILITY
## MANUFACTURING DEFECT

20. Plaintiff incorporates all allegations contained in Paragraphs 1 - 19.

21. The Harris HS-80115 shredder is defectively manufactured because the risk of foreseeable risks of malfunction and failure outweigh the benefits associated with the machine.

22. The HS-80115 shredder was delivered to and utilized by Tri-State without substantial change or adjustment to its component parts.

23. Defendant Harris had reason to know of the defects and deficiency in the manufacture of the shredder. Defendant Harris also had reason to know about the associated risk of serious bodily injury or death to bystanders that could result from the shredder's operation. These risks went beyond the risks that an ordinary manufacturer of shredders would assume was a reasonable risk of harm from use.

24. Use of the HS-80115 shredder is inherently dangerous due to its defective manufacture.

25. Defendant Harris' defective manufacture of the shredder was both a but-for and proximate cause of Plaintiffs' injuries.

26. Solely as a result of the above incident and the injuries Jack E. Johnson sustained thereby, Plaintiff Ace Property and Casualty Insurance Company has paid worker's compensation benefits to Jack E. Johnson, to its great financial loss and detriment.

27. As a direct and proximate result of Defendant Harris' grossly negligent, willful, wanton, reckless, malicious and/or intentional conduct, Plaintiff Jack E. Johnson asserts a claim for judgment for all compensatory and punitive damages against Defendant Harris, including, but not limited to, the physical injuries described herein, pain and suffering, mental anguish, disability, medical

expenses, caretaking and custodial care, including any such damages reasonably certain to be incurred in the future, in an amount to be determined by the jury, plus the costs of this litigation, and all of the relief to which the Plaintiffs are entitled to by law, all in an amount in excess of that necessary for federal diversity jurisdiction.

### COUNT THREE: PRODUCTS LIABILITY- NEGLIGENCE

28. Plaintiff incorporates all allegations contained in Paragraphs 1 - 27.

29. Defendant Harris had a duty to use ordinary care in its design of the HS-80115 shredder in order to protect those who would use the shredder and those who are in the area of its use, such as Jack E. Johnson, from unreasonable risk of harm while the shredder is being used for its intended purpose or while it is being used for any purpose which should be reasonably expected by the manufacturer.

30. Defendant Harris had a duty to use ordinary care in its selection of materials used in its assembly of the HS-80115 shredder in order to protect those who would use the shredder and those who are in the area of its use, such as Jack E. Johnson, from unreasonable risk of harm while the shredder is being used for its intended purpose or while it is being used for any purpose which should be reasonably expected by the manufacturer.

31. Defendant Harris had a duty to use ordinary care in its assembly of the HS-80115 shredder in order to protect those who would use the shredder and those who are in the area of its use, such as Jack E. Johnson, from unreasonable risk of harm while the shredder is being used for its intended

purpose or while it is being used for any purpose which should be reasonably expected by the manufacturer.

32. Defendant Harris had a duty to use ordinary care in its inspection and testing of the HS-80115 shredder in order to protect those who would use the shredder and those who are in the area of its use, such as Jack E. Johnson, from unreasonable risk of harm while the shredder is being used for its intended purpose or while it is being used for any purpose which should be reasonably expected by the manufacturer.

33. Defendant Harris had a duty to give reasonable and adequate warning of dangers inherent in the use of the HS-80115 shredder which the manufacturer should reasonably foresee but which are not obvious to others in the vicinity of the shredder's operations.

34. Defendant Harris breached these duties by failing to provide Tri-State Iron & Metal Co. with a safe HS 80115 shredder with adequate warnings.

35. A reasonably careful manufacturer of shredders using the skill and care ordinarily possessed and used by similar manufacturers would foresee that the failure to provide the ordinary care listed above would result in devastating injuries to others, including Jack E. Johnson.

36. Each of the foregoing acts of negligence on the part of Defendant Harris was a proximate cause of Jack E. Johnson's injuries, as more specifically described above, which were all foreseeable.

37. As a direct and proximate result of Defendant Harris' grossly negligent, willful, wanton, reckless, malicious and/or intentional conduct, Plaintiff Jack E. Johnson asserts a claim for judgment for all compensatory and punitive

damages against Defendant Harris, including but not limited to, but not limited to, the physical injuries described herein, pain and suffering, mental anguish, disability, medical expenses, caretaking and custodial care, including any such damages reasonably certain to be incurred in the future, in an amount to be determined by the jury, plus the costs of this litigation, and all of the relief to which the Plaintiffs are entitled to by law, all in an amount in excess of that necessary for federal diversity jurisdiction.

## DEMAND FOR JURY TRIAL

38. Pursuant to Arkansas Rules of Civil Procedure, Plaintiffs demand that all issues of fact in this case be tried by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For damages in an amount adequate to compensate Plaintiffs for the injuries and damages sustained.

2. For all general and special damages caused by the alleged conduct of Defendants.

3. For costs of litigating this case.

4. For punitive damages sufficient to punish Defendants for their egregious, malicious and/ or intentional misconduct with conscious indifference to the consequences to Jack E. Johnson and to deter Defendants and others from repeating such atrocities.

5. For all other relief to which Plaintiffs are entitled.

Respectfully submitted,

**TRAMMELL PIAZZA LAW FIRM, PLLC**

_____

M. Chad Trammell AR – 95125
Melody Piazza AR 86108
418 North State Line Avenue
Texarkana, Arkansas 71854
Telephone: 870.779.1860
Facsimile: 870.779.1861

And

Eric T. Bishop AR- 89174
**BISHOP & BISHOP**
P.O. Box 609
Ashdown, Arkansas 71822
Telephone: 870.898.5058
Facsimile: 870.898.8110

Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF LITTLE RIVER COUNTY,
STATE OF ARKANSAS

JACK E JOHNSON, and
ACE PROPERTY and CASUALTY
INSURANCE COMPANY                                               PLAINTIFFS

vs.                         No. CV-2013-_____

THE HARRIS WASTE MANAGEMENT GROUP, INC.,
a Delaware corporation; and JOHN DOES 1-2,
unknown defendants                                              DEFENDANTS

### AFFIDAVIT OF M. CHAD TRAMMELL

STATE OF ARKANSAS   )
                    ) SS.
COUNTY OF MILLER    )

The undersigned, M. Chad Trammell, having been duly sworn, states upon oath and affirmation as follows:

1.   I am an attorney with Trammell Piazza Law Firm, PLLC, located at 418 North State Line Avenue, Texarkana, Arkansas 71854.

2.   Trammell Piazza Law Firm, PLLC, has been employed by Jack E. Johnson and Ace Property and Casualty Insurance Company to bring a cause of action against Defendant The Harris Waste Management Group, Inc.

3.   Plaintiffs are currently unable to identify all potential tortfeasors liable for Plaintiffs' claims.

4.   Plaintiffs intend to serve discovery upon Defendant The Harris Waste Management Group, Inc. upon filing this Complaint in order to determine the identity of all tortfeasors.



EXHIBIT A

I, M. Chad Trammell, state upon oath that the statements contained in the above and foregoing Affidavit are true and correct to the best of my knowledge and belief.

M. Chad Trammell

Dated: Nov. 22, 2013

## ACKNOWLEDGEMENT

On this the 22 day of November, 2013, before the undersigned officer, personally appeared M. Chad Trammell, known to be the person whose name is subscribed to in the above and foregoing Affidavit, and acknowledged that he executed the same for the purposes therein contained.

NOTARY PUBLIC

My Commission Expires:

3-28-22



KELLEY VASQUEZ
MY COMMISSION # 12388943
EXPIRES: March 28, 2022
Miller County