IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JACK E. JOHNSON and ACE
PROPERTY AND CASUALTY
INSURANCE COMPANY                                                                        PLAINTIFFS

v.                                              Case No. 4:14-cv-04029

THE HARRIS WASTE MANAGEMENT
GROUP, INC and JOHN DOES 1-2                                                           DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before this Court is Plaintiffs' Motion to Remand. ECF No. 8. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court recommends Plaintiffs' Motion to Remand (ECF No. 8) be **GRANTED.**

**1.     Background**

On November 22, 2013, Plaintiffs Jack Johnson ("Johnson") and Ace Property and Casualty Insurance Company ("Ace") brought suit against Defendant, The Harris Waste Management Group, Inc., ("Harris"), asserting products liability claims. ECF No. 3. Plaintiffs' Complaint includes Ace's claim for subrogation pursuant to Ark. Code Ann. §11-9-410. *Id.* At the time of this incident, Ace was the worker's compensation insurer for Johnson's employer, Tri-State Iron and Metal Co. *Id.* Ace has paid worker's compensation benefits to Johnson in connection with injuries he sustained as a result of the incident which gave rise to the instant products liability lawsuit.

Thereafter, on February 11, 2014, Harris filed a Notice of Removal with this Court and removed Plaintiffs' action to the United States District Court for the Western District of Arkansas,

Texarkana Division on the grounds of diversity of citizenship. ECF No. 1. On February 19, 2014, Plaintiffs filed a Motion to Remand. ECF No. 8. With this Motion, Plaintiffs claim remand to the Circuit Court of Little River County, Arkansas is appropriate because Plaintiffs' Complaint asserts claims pursuant to the Arkansas worker's compensation laws, and therefore the underlying case is not removable pursuant to 28 U.S.C. §1445(c). *Id.*

On March 12, 2014, Harris responded to Plaintiffs' Motion to Remand. ECF No. 12. In this response, Harris argues this case should not be remanded because the subrogation claim Ace brings does not "arise under" the workmen's compensation law of the state of Arkansas and therefore does not prevent or prohibit removal of the action. *Id.*

The Court held a hearing on this Motion on May 29, 2014 in Texarkana, Arkansas. Plaintiffs and Defendant Harris were represented by counsel at this hearing and presented arguments on this Motion. This Motion is now ready for decision.

**2.    Applicable Law**

The procedure to remove a civil action from a state court to a federal court is governed by 28 U.S.C. § 1441 (2011). Generally, a matter filed in state court is removable to the proper Federal District Court if a federal question exists or the requirements for diversity jurisdiction are met. *See* 28 U.S.C. § 1441. There are limits to the removal of certain cases and those limits are found in 28 U.S.C. § 1445. One of those limits is "[a] civil action in any state court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." *See* 28 U.S.C. § 1445(c).

Plaintiff Ace asserts its claims arise pursuant to Ark. Code Ann. § 11-9-410. This section of Arkansas's workmen's compensation law provides that a worker's compensation insurance carrier shall have a right to maintain an action in tort against any third party responsible for the injuries to

the extent the carrier has paid or is liable for compensation to an injured employee.

**3.      Discussion**

The parties agree, for purposes of this Motion to Remand, on November 24, 2010, Plaintiff Johnson was injured while at work with Tri-State Iron & Metal Co.  ECF No. 3.  At that time, Plaintiff Ace was the worker's compensation insurer for Tri-State Iron and Metal Co., and has paid worker's compensation benefits to Johnson in connection with the injuries he sustained in this incident.

Ark. Code Ann. §11-9-410 provides that when a work-related compensable injury is caused in whole or in part by the act or omission of a third party, the employer or worker's compensation carrier liable for compensation for the injury shall have a right to maintain an action in tort against any third party responsible for the injuries to the extent the employer or carrier has paid or is liable for in compensation.  The Plaintiffs filed a Complaint against Harris in the Little River County, Arkansas Circuit Court asserting products liability claims on behalf of Johnson.  ECF No. 3.  Plaintiffs' Complaint includes Ace's claims for subrogation pursuant to Ark. Code Ann. §11-9-410.  *Id.*  On February 11, 2014, Defendants removed the state court action to this Court by filing a Notice of Removal on the grounds of diversity of citizenship.  ECF No.1.

Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction ... to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). However, 28 U.S.C. § 1445(c) prohibits removal of cases arising under state worker's compensation laws regardless of whether defendants premise removal on a federal question or diversity of citizenship.  In this matter, Plaintiff Ace asserts a claim arising under the Arkansas worker's compensation laws, namely statutory subrogation pursuant to Ark. Code Ann. §11-9-410.  Thus, as

3

discussed below, this case should be remanded to state court.

According to Ark. Code Ann. §11-9-410(b)(1) "An employer or carrier liable for compensation under this chapter for the injury or death of an employee shall have the right to maintain an action in tort against any third party responsible for the injury of death." The Arkansas worker's compensation act also sets out the framework involving an insurer's tort action including specific rights, obligations and limitations applicable to the claim.

In Plaintiffs' Complaint, Ace, pursuant to Ark. Code Ann. §11-9-410 (b)(1), has asserted an action for subrogation against Defendant Harris to the extent of its lien for worker's compensation benefits paid. ECF No. 3, Pg. 1-2. Further, Ace sets forth facts regarding their payment of benefits to Johnson as a result of this incident. ECF No. 3, Pg. 5-6.

In *Humphrey v. Sequentia*, 58 F.3d 1238, 1246 (8th Cir. 1995), a former employee brought an action in state court against his former employer alleging retaliatory discharge in violation of Missouri workers' compensation law. The case was removed, and the former employee appealed the district court's denial of his motion to remand. In this matter, the Missouri worker's compensation statute created a specific right and civil action for damages from his or her employer if such a discharge in retaliation occurred. The 8th Circuit held that the claim arose under Missouri's worker's compensation statute and accordingly ordered remand. In reaching its decision in *Humphrey*, the 8th Circuit said:

> Under the plain meaning of the statute, where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies; under such circumstances, the action would not be removable…

*Humphrey*, 58 F.3d 1238, 1246 (emphasis added). There does not appear to be any case interpreting

4

the applicability of § 1445(c) to the statutory subrogation interest asserted by Ace in this matter.

Pursuant to Ark. Code Ann. §11-9-410(b) (1), Ace is permitted to bring "an action in tort against any third party responsible for the injury…" and this is what Ace has done in the filing of this Complaint. Ace's right to bring the tort action against Harris derives directly from the plain meaning of the Act. The essential elements of Ace's claim are set out in the Arkansas statute, namely, Ace's liability for compensation under the Workers' Compensation Law, a subrogation interest, and the employee's basis for the third party's tort liability.

Harris contends Ace's subrogation claim, based upon the statutory provisions of Ark. Code Ann. §11-9- 410, arises from Arkansas' subrogation rights under the common law and not the statute. Accordingly, Harris argues, 28 U.S.C. §1445(c)'s prohibition on removal of any state court civil action "arising under the workmen's compensation laws of such State" is not applicable and remand pursuant to 28 U.S.C. §1447(c) would be inappropriate. In other words, Harris argues Ace's subrogation claim is an equitable subrogation claim and not derived from Arkansas' Workers Compensation Law.

I find Harris's argument unpersuasive. Although equitable subrogation has existed for many years at common law, subrogation in workers' compensation cases could not exist until workers' compensation legislation was passed. This legislation created statutory benefits for the employee obligations of the employer, and specific statutory subrogation rights and remedies for the employer and any insurer.

Claims for subrogation pursuant to Ark. Code Ann. §11-9-410 set forth specific rights including, the right of the carrier to directly "maintain an action in tort against any third party responsible for the injury or death" of the employee, specific written notification requirements from the insurer to the employee claimant "to hire a private attorney to pursue any benefits to which the

5

claimant is entitled," and a specific formula for distribution of recovery. *See* Ark. Code Ann. §11-9-410(b). Additionally, there is a requirement of approval by the court, or workers' compensation commission, of any settlement involving the insurer's or employee's tort claim against a third party and the employee's and insurer's interests. *See* Ark. Code Ann. §11-9-410(c). In short, equitable subrogation is significantly different from the statutory subrogation provided by Ark. Code Ann. §11-9-410.

In this matter, Ace's claim arises under Arkansas' worker's compensation statutes because its right to relief is controlled by those statutes and necessarily depends on resolution of a substantial question of Arkansas worker's compensation law. Therefore, the underlying case is not removable pursuant to 28 U.S.C. §1445(c).

**4.    Conclusion**

Based upon the foregoing, the Court recommends Plaintiffs' Motion to Remand (ECF No. 8) be **GRANTED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 13th day of June 2014.

　　　　　　　　　　　　　　　　　　　　　　/s/   Barry A. Bryant
　　　　　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT
　　　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE