IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JACK E. JOHNSON and ACE
PROPERTY AND CASUALTY
INSURANCE COMPANY                                                                    PLAINTIFFS

v.                              Case No. 4:14-cv-04029

THE HARRIS WASTE MANAGEMENT
GROUP, INC and JOHN DOES 1-2                                                         DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed June 13, 2014, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 23). Judge Bryant recommends that Plaintiffs' Motion to Remand (ECF No. 8) be granted. Defendant has responded with timely objections. (ECF No. 24). The Court finds this matter ripe for its consideration.

The parties initially dispute whether this Court should apply a de novo or "clearly contrary to law" standard of review. Because the Court would overrule the Defendant's objections under either standard of review, the Court will assume, without deciding, the proper standard of review is de novo. *Compare First National Bank (FULDA) v. American Lenders Facilities, Inc.*, 2000 WL 1336655 at *1 n.1 (D. Minn., May 23, 2000); *Dyrda v. Wal–Mart Stores, Inc.*, 41 F. Supp. 2d 943, 945 (D. Minn. 1999); *White v. State Farm Mutual Automobile Co.*, 153 F.R.D. 639, 642 (D. Neb. 1993), with *Willams v. Beemiller, Inc.*, 527 F.3d 259 (2nd Cir. 2008); *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001); *First Union Mortgage Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142 (3rd Cir. 1998).

This lawsuit was filed in Arkansas state court. The parties agree for the purposes of this motion that Plaintiff Ace Property and Casualty Insurance Company ("Ace"), as worker's compensation insurer for Plaintiff Jack Johnson's ("Johnson") employer, paid worker's compensation benefits to Johnson in connection with injuries he sustained as a result of an accident. The accident also gave rise to the current products liability lawsuit against Defendant The Harris Waste Management Group ("Harris"). In the Complaint, Ace asks for subrogation from Harris for payments made to Johnson, pursuant to Ark. Code Ann. § 11-9-410. Defendants filed a timely notice of removal.

Generally, a matter filed in state court may be removed to federal district court if it involves the requirements set out in 28 U.S.C. § 1441 for federal question or diversity jurisdiction. However, an action may not be removed to federal court if it is "[a] civil action in any state court arising under the workmen's compensation laws of such State." 28 U.S.C. § 1445(c). At issue here is whether the subrogation claim in this instance "arises under" the workmen's compensation laws of Arkansas such that the action should not be heard in federal court. Judge Bryant found that the claim did arise under worker's compensation, and this Court agrees.

In its objections, Harris argues that Judge Bryant applied the wrong legal test provided for in the relevant caselaw, specifically *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238 (8th Cir. 1995). It argues he erred in adopting an "across the board" approach in categorizing the subrogation claim as a workmen's compensation claim simply because it falls within the statute, when in fact, it argues, the *Humphrey* court rejected that approach.

The important language from *Humphrey* directs the following:

Under the plain meaning of the statute, where a state legislature enacts a provision

2

> within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies; under such circumstances, the action would be nonremovable, subject only to the complete preemption doctrine.

*Humphrey*, 58 F.3d at 1246.  As Defendant correctly points out, the Eighth Circuit noted specifically that this is not a per se rule.  In other words, the Court noted that not every claim brought under a provision within the worker's compensation legislation automatically precludes such an action from being heard in federal court.  The Court noted the action would be nonremovable "subject only to the complete preemption doctrine," and the Court further supported that assertion in a footnote 11 of the opinion: "[Section] 1445(c) would not apply to a claim which is completely preempted by federal law and only facially arises under a state's workers' compensation laws." *Id.* at 1246 n.11. Complete federal preemption is not at issue here; therefore, the Court agrees with Judge Bryant's analysis regarding the merits of Plaintiffs' motion and his recommendation regarding the disposition of the motion.

For the reasons stated herein, as well as those contained in the Report and Recommendation (ECF No. 23), the Court overrules Defendants objections and adopts the Report and Recommendation in its entirety.  (ECF No. 23).  Accordingly, Plaintiffs' Motion to Remand (ECF No. 8) is hereby GRANTED.  This matter is hereby remanded to the Circuit Court of Little River County, Arkansas for proper adjudication of the issues in this case.

**IT IS SO ORDERED**, this 17th day of September, 2014.

                                                  /s/ Susan O. Hickey
                                                  Susan O. Hickey
                                                  United States District Judge